IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AHMAD S. LINTON, # 33309-037 | * | |
| | * | Civil Action No. JKB-13-323 |
| Petitioner | * | Criminal Action No. JKB-98-258 |
| | * | |
| v | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |

***

**MEMORANDUM**

This matter is before the court on Ahmad S. Linton's ("Linton') Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (ECF No. 397). The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255.  Because Linton, who is self-represented in this matter, provides no evidence the motion has been certified by the United States Court of Appeals for the Fourth Circuit, the motion will be denied and dismissed.

**PROCEDURAL HISTORY**

Linton was convicted in this court of conspiracy to distribute cocaine and conspiracy to commit murder in aid of racketeering and sentenced to life imprisonment. The judgment was affirmed on direct appeal. *See United States v. Linton,* 62 Fed. Appx. 352 (4th Cir. 2003).   His petition for certiorari to the United States Supreme Court was denied. *See Ahmad v. United States*, 540 U.S. 930 (2003).

On June 29, 2005, this court denied Linton's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The United States Court of Appeals for the Fourth Circuit dismissed his appeal on June 24, 2009.  *See United States v. Linton*, No. 09-6389 (4th Cir. 2009). On January 30, 2013, the court received the instant motion for filing.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for filing a motion to vacate. The limitation period runs from the latest of, as is pertinent for the present inquiry: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The statute also provides "a second or successive motion must be certified ... by a panel of the appropriate court of appeals ..." 28 U.S.C. § 2255(h). As noted, Linton has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file a second or successive motion.

Linton brings this motion under 28 U.S.C. § 2255(f)(3), relying on *Missouri v. Frye*, _U.S. _ 132 S.Ct. 1399 (2012) (counsel can render ineffective assistance by misadvising a defendant to reject a plea offer when a more severe penalty received after trial) and *Lafler v. Cooper*, _U.S. _ 132 S.Ct. 1376 (2012) (counsel can render ineffective assistance by failing to disclose a prosecutor's plea offer to a defendant). Linton appears to argue his second or successive motion is predicated on a new right announced in *Frye* and *Lafler*.

*Lafler* and *Frye* did not announce a new rule of constitutional law, and Linton does not establish the cases retroactively apply to collateral review proceedings. Courts addressing this issue have held that neither case created a new constitutional right to be applied retroactively. *See e.g., United States v. Lawton*, 2012 WL 6604576, at *3 (10th Cir. Dec.19, 2012); *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012). Linton's argument that *Frye* and

*Lafler* created new rules of constitutional law such that he should be permitted to file this § 2255 motion without pre-filing authorization from the Fourth Circuit[1] is without merit.

## CONCLUSION

For the above stated reasons, the Motion will be denied and dismissed by separate Order. Linton has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

DATED this 14th day of February, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] Linton will be sent information about requesting pre-filing authorization from the United States Court of Appeals for the Fourth Circuit.